IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH LYNN SWARTOS,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. ATTORNEY'S OFFICE,<br><br>Defendant. | CV 18-108-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on motion of the Defendant United States Attorney's Office for the District of Montana seeking dismissal of Plaintiff Kenneth Swartos' complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6). For the reasons discussed the Court recommends the motion be granted.

**I. Background**

Swartos, appearing pro se, alleges that beginning in the late 1980s, and continuing to the present, federal law enforcement officers have been investigating him. He does not, however, identify either the nature of the investigation, or the specific investigative conduct that has occurred. Over the years Swartos has complained about the investigation to numerous public officials, but to no avail. So, he brought this action against the United States Attorney's Office because "it

has allowed the so called investigation to continue." (Doc. 1 at 4.)

Swartos asserts that the conduct of the United States Attorney's Office's in allowing the investigation to continue violated his due process rights under the Fifth Amendment to the United States Constitution, his right against cruel and unusual punishment protected by the Eighth Amendment, and his First Amendment right to petition the government for redress. He alleges the ongoing investigation and constitutional violations have caused damages to him.

## II. Applicable Law

### A. Motion to Dismiss for Lack of Jurisdiction

The United States filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) which is the proper procedural rule for challenging the existence of a court's jurisdiction. A defendant may pursue a Rule 12(b)(1) motion either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v.*

*Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Therefore, in addressing a facial challenge the court must assume the allegations in the complaint are true, and it "must draw all reasonable inferences in [plaintiff's] favor." *Id*. *See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

### B. Motion to Dismiss for Failure to State a Claim for Relief

The United States also moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) due to Swartos' failure to state a claim upon which relief could be granted. A claim may be dismissed under Rule 12(b)(6) either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

### C. Pro Se Pleadings

Because Swartos is proceeding pro se the Court must construe his pleading liberally, and "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. Discussion

The United States moves to dismiss this action based, in part, upon a lack of jurisdiction due to its sovereign immunity. The doctrine of sovereign immunity "shields the United States from suit absent a consent to be sued[, or waiver of sovereign immunity,] that is 'unequivocally expressed[,]'" generally in the text of a federal statute. *United States v. Bormes*, 568 U.S. 6, 9-10 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). The immunity extends to the agencies of the United States. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). A court's jurisdiction over any suit against the United States may be based only upon "a clear statement from the United States waiving

sovereign immunity, together with a claim falling within the terms of the waiver." *Jachetta*, 653 F.3d at 903 (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

The party asserting a claim against the United States bears the burden of identifying an unequivocal waiver of immunity. *United States v. Park Place Associates Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

Swartos does not expressly identify the specific legal theory on which he seeks to impose liability against the United States. But affording Swartos' allegations liberal construction, it appears he may be attempting to advance claims alleging that Defendant, as a federal actor, violated his constitutional rights by conducting an investigation of him. Ordinarily, federal claims against a federal actor are cognizable under authority of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

But Swartos named only the United States Attorney's Office in Missoula, Montana, as a defendant in this action alleging it violated his constitutional rights. The United States Attorney's Office is part of the United States Department of Justice – an agency of the United States. And the United States Supreme Court has held that the doctrine of sovereign immunity bars federal constitutional claims under *Bivens* that are advanced against a federal agency. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

In response to Defendant's motion to dismiss, Swartos has not established that the United States Department of Justice has consented to suit under *Bivens*, or that it waived its sovereign immunity. Therefore, in accordance with *Meyer*, Swartos' federal constitutional claims against the United States Attorney's Office are barred by sovereign immunity.

Alternatively, the Court could liberally construe Swartos' allegations as advancing claims against the United States Attorney's Office pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for certain claims against it, and permits the imposition of liability against the United States "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Specifically, FTCA claims are permitted:

> against the United States [...] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The "law of the place" where a defendant's conduct occurred is construed as the law of the State in which the events occurred. *Myers*, 510 U.S. at 477. Thus, state law is the source of the substantive law on which liability can be imposed against a federal actor under the FTCA. *Id*.

Swartos' pleading, however, advances federal constitutional claims against the United States Attorney's Office. Thus, federal law, not state law, is the source

of the law on which he alleges the United States Attorney's Office is liable. Therefore, Swartos' federal constitutional claims are not cognizable under section 1346(b)(1) and the FTCA, and are subject to dismissal. *Myers*, 510 U.S. at 477.

Additionally, Swartos has not pled claims under Montana law against the United States Attorney's Office. Therefore, he has failed to state a claim for relief under the FTCA.

## IV. Conclusion

Based on the foregoing, the Court concludes Swartos' complaint is subject to dismissal. His federal constitutional claims are barred by the United States Attorney's Office's sovereign immunity, and his federal constitutional claims advanced in his complaint are not cognizable under the FTCA. Therefore, IT IS HEREBY RECOMMENDED that the United States' motion to dismiss be GRANTED, and this action be DISMISSED without leave to amend.

DATED this 11th day of September, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge