**FILED**

OCT 30 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH LYNN SWARTOS, | CV 18–108–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| U.S. ATTORNEY'S OFFICE, | |
| Defendant. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation in this case on September 11, 2018, recommending that the Court grant the Defendant's Motion for Summary Judgment (Doc. 6) and dismiss this matter. (Doc. 13.) Swartos timely filed objections. (Doc. 14.) Consequently, Swartos is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Liberally construing Swartos's objections, the Court finds that Swartos

objected to Judge Lynch's finding that the Court lacks jurisdiction over his claims.

Swartos wrote, "Defendants counsel . . . seems set on using a waiver of the United

States sovereign immunity and the supposed procedural requirement for an

administrative tort claim as a captious demarche to keep the government out of

court a little bit longer." (Doc. 14 at 3.)

Reviewing de novo, the Court concludes that Swartos has failed to establish

that the Department of Justice waived sovereign immunity as to federal

constitutional claims brought under *Bivens v. Six Unknown Federal Narcotics*

*Agents*, 403 U.S. 388 (1971). *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471,

475 (1994). The Court recognizes no other potential legal theory through which

Swartos could advance his claim, as he has not alleged a violation of state law, and

he has not alleged liability on the part of any individual federal actor. What is

more, even if the Court had jurisdiction to consider Swartos's claims, it would find

that Swartos has not plausibly alleged the violation of a constitutional right. *See*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Reviewing the remaining portions of Judge Lynch's Findings and

Recommendations for clear error and finding none,

IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendation (Doc. 13) are

   ADOPTED;

(2) The Defendants' Motion to Dismiss (Doc. 6) is GRANTED, and this

   matter is DISMISSED.

DATED this 30th day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court